IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BENNIE RAY JOHNSON, § | |
| A.K.A. BENNIE JOHNSON, § | |
| TDCJ-CID # 819383, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:07-CV-0269 |
| § | |
| BILLY VINSON, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff BENNIE RAY JOHNSON, a.k.a. BENNIE JOHNSON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

By his complaint, plaintiff alleges that, on August 21, 2006, defendant VINSON "did fabricate an offense report against plaintiff," resulting in plaintiff's receiving two disciplinary cases, a Level 2 Code 24.0 and a Level 2 Code 27.0, of which he was found guilty. Plaintiff claims he was denied Due Process by violation of his right not to have false statements and reports presented at a disciplinary hearing.

Plaintiff requests nominal damages and punitive damages in the amount of $1,000.00.

### JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

Although plaintiff does not state in his complaint what punishment he received on his two disciplinary cases, he included attachments with his complaint, variously titled, Memorandum of Law, Exhibit A, Exhibit B, and Exhibit C.  Exhibit B also shows a Bates-Stamped number 0111 in the lower right corner.  Review of Exhibit B reveals that the punishment plaintiff received as a result of the two cases was a reduction in time earning status from S3 to S4, 30 days' cell restriction, and 30 days' privilege restriction.  Further, at page 2 of his Memorandum of Law attached to his Complaint, plaintiff states he filed a step 1 and step 2 grievance regarding the claim asserted in this suit and had not received the results as of a year

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

later.  In light of this statement and the absence of any record in this Court that plaintiff received a favorable determination to a habeas challenge to these cases, it is clear plaintiff cannot show favorable termination on either disciplinary case.

Plaintiff's claim, therefore, is that his Due Process rights were violated when defendant presented false statements and reports against plaintiff at a disciplinary hearing which did not result in the confiscation of any accumulated goodtime credits.

Plaintiff does not present an allegation of retaliation and, in fact, states, "Why Mr. Vincent would lie about such a trivial matter, I dont [sic] know, but Mr. Vincent does!" [Plaintiff's Exhibit A, Affidavit, attached to his original complaint, at page 2].

There is no longer a freestanding section 1983 claim for malicious prosecution in this Circuit.  *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim.  *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  To bring a section 1983 claim based simply on the filing of a false disciplinary charge, absent an allegation of retaliatory interference with the exercise of a constitutional right, a prisoner must show favorable termination prior to bringing suit.  *Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995).  Plaintiff cannot do so.

Plaintiff's claim against defendant VINSON lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff

BENNIE RAY JOHNSON, a.k.a. BENNIE JOHNSON is be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 28th day of April, 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE